## PEOPLE v. HAZARD.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

GRAND LARCENY—EVIDENCE.

Upon the trial of an indictment for grand larceny, under Pen. Code, § 528, subd. 2, there was evidence that the owner of two diamond earrings delivered them to the defendant upon the latter's agreement that he was to sell them to one N., and give the proceeds to the owner, and if they were not thus sold to return them to the owner, and that on the same day he pawned them with a third party for a loan. *Held*, that this evidence was sufficient to warrant a verdict of guilty, and that the court correctly refused to advise the jury to acquit.

Appeal from trial term.

William J. Hazard was convicted of grand larceny, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas A. Atchison, for appellant.

James D. McClelland and Charles E. Lesarbier, for the People.

INGRAHAM, J. The appellant was indicted under subdivision 2 of section 528 of the Penal Code, as being in possession, custody, and control as bailee and trustee of certain goods, chattels, and personal property of one Michael E. Hemmendinger, the true owner thereof, to wit, two diamond earrings of the value of $92.50 each, and that he did on the 27th day of December, 1895, feloniously appropriate the said goods to his own use, with intent to deprive and defraud said Hemmendinger of the same. Upon the trial it appeared that Hemmendinger, being the owner of the property, called on the defendant in answer to a note written by the defendant, and then delivered to the defendant two diamond earrings, upon the statement of the defendant that he had a customer for the earrings, a man named Newman, for which the defendant signed a memorandum to the effect that, if the earrings were not sold, he (the defendant) would return them. There was testimony tending to show that on the same day the earrings were pawned with a pawnbroker for $125. That subsequently, in the month of January, the defendant gave to a person named Kahn the pawn ticket, saying: "Here is a ticket for a pair of earrings. I pawned them at Simpson's, alongside the bridge. Pawned at $125." That subsequently the owner of the diamonds called at the pawnshop, saw the earrings called for by the ticket, and identified them as the diamond earrings that he had delivered to the defendant under this memorandum agreement before mentioned. Upon this evidence the court submitted the question to the jury to say whether, upon these facts, this transaction was a sale or bailment: "Were these diamonds

sold to this defendant, or were they merely intrusted to this defendant for a specific purpose? On that question of fact you will determine the question of the guilt or innocence of this defendant." The court further charged the jury that, if they believed that the owner of these earrings delivered them to the defendant upon an express agreement that the defendant was to take them and sell them to Newman, and that if he did not sell them to Newman within a few days then he (defendant) would return the diamond earrings to the owner, and if he did sell them to Newman he was to give the money to the owner, the defendant did not receive the title, and was not vested with the title to the diamonds; that he was simply clothed with the possession of these diamonds for a certain and specific purpose; that he had no right whatever to use these diamonds for any other purpose than the specific and limited purpose, which was stated by the owner of the diamonds, to sell them to Newman. The jury, having found that the defendant was guilty of grand larceny in the second degree, have found the facts in favor of the witnesses for the prosecution, and we think the evidence was sufficient to sustain that verdict.

The section of the Penal Code (subdivision 2, § 528) provides that a person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, either as bailee, servant, attorney, agent, clerk, trustee, or officer of any person, association, or corporation, or as a public officer, or as a person authorized by agreement, or by competent authority, to hold or take such possession, custody, or control, any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof, is guilty of larceny. Here it appears that the defendant obtained the possession of this property from its true owner under a statement that he had a customer to whom he could sell the earrings, on the 27th day of December, 1895, and upon an agreement that if he did not sell them he would return them to the owner. It also appears from the evidence that upon the same day he received them, instead of selling them, or attempting to sell them, he pawned them with a pawnbroker and received from him the sum of $125. This evidence was sufficient to sustain a finding of the jury that the defendant was guilty under this section of the Code as being in possession, custody, and control, as bailee, of these diamond earrings belonging to another, and had appropriated the same to his own use by pawning them and receiving the loan made upon them. Upon pawning these diamonds, the defendant was guilty of the crime charged. He had appropriated to his own use the property of another, which was in his possession, custody, and control as bailee or agent of the owner. Under the agreement testified to by the witnesses for the prosecution, and which the jury by their verdict believed, he was only authorized to sell and deliver these diamonds to Newman, and any other disposition of them was an appropriation of the property which he held as agent or bailee, and was a crime, under the section of the Code referred to. The defendant testified that he delivered these diamonds to Newman on the day

after he received them, but it appeared that the defendant had pawned them the day they were delivered to him. His defense was that he had purchased the diamonds outright; that the transaction between him and the complainant was not a delivery of possession for a specific purpose, but a sale and delivery of the articles to him. That question having been submitted to the jury, their verdict is conclusive. The subsequent giving of the check by the defendant to the complainant did not at all change the nature of the relation that the defendant bore to the property, or make the pawning of the diamonds on the 27th day of December, the day that the defendant received them, any less a crime. It was the appropriation of this property to his own use, of which he had not the title, but a mere possession or custody as bailee or agent, which constituted the crime, and it is for this appropriation of the property of another that the defendant was convicted. We think, therefore, that the court correctly refused to advise the jury to acquit, and correctly submitted the case to the jury by a charge that was fair to the defendant and preserved all his rights.

The defendant calls our attention to several rulings upon the admission and rejection of evidence. They have been examined, but we think that none of them requires a reversal of the judgment. The witnesses were allowed to testify as to all the facts, and the questions calling merely for the conclusion of the witnesses from those facts were properly sustained. We think that the defendant had a fair trial; that there was evidence sufficient to sustain the finding of the jury; and that no error was committed that requires a reversal of the judgment. The judgment is therefore affirmed. All concur.